# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

AUDIA GROUP, LLC,

    **Plaintiff/Counter-Defendant,**

v.

WALKER COUNTY and
WALKER COUNTY DEVELOPMENT
AUTHORITY,

    **Defendants/Counter-Plaintiffs.**

**CIVIL ACTION FILE
NO. 4:26-cv-00072-WMR**

## DEFENDANTS WALKER COUNTY AND WALKER COUNTY DEVELOPMENT AUTHORITY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

COME NOW, Defendants Walker County and the Walker County Development Authority (hereinafter collectively, the "Defendants"), by and through the undersigned counsel, and hereby respond to Plaintiff Audia Group, LLC's Complaint (the "Complaint") as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state any claim against Defendants upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims against Defendants are barred in whole or in part based on lack of standing and/or lack of privity of contract, including because Plaintiff assigned whatever rights it may have had to G3 Holdings, LLC.

**THIRD DEFENSE**

Defendants preserve the defense of failure to name or join G3 Holdings, LLC as a necessary and/or indispensable party pursuant to Fed. R. Civ. P. 19.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff is not the real party in interest pursuant to Fed. R. Civ. P. 17, and G3 Holdings, LLC, not Plaintiff, is the real party in interest with respect to the transaction and alleged option at issue in the Complaint.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because any alleged option expired, lapsed, terminated, or otherwise became unenforceable due to a failure to trigger by the entity in whom the option right existed.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to satisfy, perform, or cause the occurrence of all conditions precedent to any alleged obligation of Defendants.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to perform, lack of tender, lack of valid exercise, and/or failure to tender any required performance under the alleged agreement.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by waiver, abandonment, and/or relinquishment of any alleged rights by Plaintiff and/or G3 Holdings, LLC.

## NINTH DEFENSE

Defendant Walker County preserves and asserts the defense of sovereign immunity, including that Plaintiff's claims against Walker County are barred in whole or in part for lack of any valid and applicable waiver of sovereign immunity.

## TENTH DEFENSE

Defendant Walker County Development Authority preserves and asserts the defense of sovereign immunity, including that Plaintiff's claims against Walker County Development Authority are barred in whole or in part for lack of any valid and applicable waiver of sovereign immunity.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of frauds and/or by the absence of a valid, binding, and enforceable written agreement between Plaintiff and Defendants.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by failure of consideration, lack of mutuality, and/or lack of mutual obligation.

## FIFTEENTH DEFENSE

Defendants did not breach any obligation owed to Plaintiff because any alleged obligations of Defendants never triggered, never arose, were superseded, were assigned by Plaintiff to another entity, or otherwise were extinguished.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by impossibility, impossibility of performance, and/or commercial impracticability.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its alleged damages.

## EIGHTEENTH DEFENSE

Plaintiff's claims for damages are barred in whole or in part because the alleged damages are speculative, remote, uncertain, consequential, and/or not recoverable as a matter of law.

## NINETEENTH DEFENSE

Plaintiff's claims for extra-contractual, consequential, and/or tort-style damages are barred in whole or in part by the economic loss rule.

## TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's repudiation, anticipatory repudiation, abandonment, and/or conduct inconsistent with the rights and obligations Plaintiff alleges in the Complaint.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged agreement, as construed by Plaintiff, violates (i) GA CONST Art. 9, § 5, ¶ I, (ii) O.C.G.A. § 36-30-3, (iii) O.C.G.A. § 36-60-13, and/or otherwise (iv) purports to bind succeeding governing authorities in a manner not permitted by law.

## TWENTY-THIRD DEFENSE

Defendants preserve their right to recover attorney's fees and expenses of litigation pursuant to O.C.G.A. § 9-15-14, O.C.G.A. § 13-6-11, FRCP 11, and any other applicable law because Plaintiff's claims lack substantial justification, are interposed for delay or harassment, and/or unnecessarily expand the proceedings.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged 2014 Agreement, as construed by Plaintiff, was/is void ab initio, invalid, illegal, and unenforceable.

## TWENTY-FIFTH DEFENSE

Plaintiff's request for specific performance is barred in whole or in part because the alleged agreement is void, invalid, unenforceable, lacks mutuality, and/or because specific performance is unavailable or inequitable against Defendants.

## TWENTY-SIXTH DEFENSE

Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery.

## TWENTY-SEVENTH DEFENSE

Without waiving any of the foregoing defenses, but insisting and relying upon each of them, and without waiving any additional defenses, Defendants respond to each of the separate numbered Paragraphs of the Complaint as follows:

## INTRODUCTORY PARAGRAPHS

The introductory paragraphs contain argument, characterization, and immaterial background matter. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations contained therein and, therefore, such allegations are denied. Defendants further deny that Plaintiff is entitled to any form of relief under the Complaint. All other and further allegations of the introductory paragraphs are denied.

1.

Defendants lack sufficient information to admit or deny the truth of the allegations in Paragraph 1 of the Complaint and, therefore, such allegations are denied. All other and further allegations of the Paragraph are denied.

2.

Defendants lack sufficient information to admit or deny the truth of the allegations in Paragraph 2 of the Complaint and, therefore, such allegations are denied. All other and further allegations of the Paragraph are denied.

3.

Paragraph 3 of the Complaint is a legal conclusion and requires no response. To the extent a response is required, Defendants lack sufficient information to admit or deny the truth of the allegations in Paragraph 3 and, therefore, such allegations are denied. All other and further allegations of the Paragraph are denied.

4.

Paragraph 4 of the Complaint is admitted.

5.

Paragraph 5 of the Complaint is a legal conclusion and requires no response. To the extent a response is required, Defendant Walker County admits only that it is a Georgia political subdivision located in the Rome Division of the Northern District of Georgia. Walker County has been served with process, as determined in the Court's May 7, 2026, Consent Order. All other and further allegations of the Paragraph are denied.

6.

Paragraph 6 of the Complaint is denied in the form and manner alleged. Defendants admit only that Walker County Development Authority is a development authority created under Georgia law and enjoys all the rights, powers, and obligations as set forth by law. Defendants deny that any parenthetical allegation in Paragraph 6 establishes that this action is appropriate or that the alleged option

agreement at issue is valid, binding, or enforceable. Answering further, the Defendants admit that all members of the Walker County Development Authority board reside in Walker County, Georgia. All other and further allegations of the Paragraph are denied.

7.

Paragraph 7 of the Complaint is a legal conclusion and requires no response. To the extent a response is required, Defendants admit only that Walker County Development Authority operates or transacts business in Walker County, Georgia and that the Walker County Development Authority has been served with process, as determined in the Court's May 7, 2026, Consent Order. All other and further allegations of the Paragraph are denied.

8.

Paragraph 8 of the Complaint is a legal conclusion and requires no response. To the extent a response is required, Defendants deny that this Court has subject matter jurisdiction over any claim barred by sovereign immunity and deny that any valid waiver of sovereign immunity applies. Answering further, Plaintiff predicates subject matter jurisdiction on 28 U.S.C. § 1332, alleging complete diversity between itself, as an alleged Pennsylvania citizen, and the named defendants, as Georgia citizens. However, G3 Holdings, LLC ("G3") is a Georgia citizen and is an indispensable party to this dispute under Fed. R. Civ. P. 19, because the claims arise

out of and are inextricably intertwined with the rights and obligations created by the 2014 Purchase Agreement and related option and development documents (particularly the February 23, 2015, Assignment and related Agreements) to which G3 is a party. In G3's absence, the Court cannot provide complete relief. Joinder of G3 is required, but because G3 is non-diverse, its joinder would destroy diversity. Accordingly, complete diversity under § 1332 is lacking and this Court lacks subject matter jurisdiction. As such, Plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(7). See, Thermoset Corporation v. Building Materials Corp of America, 849 F.3d 1313 (11th Cir. 2017). All other and further allegations of the Paragraph are denied.

9.

Paragraph 9 of the Complaint is a legal conclusion and requires no response. To the extent a response is required, Defendants admit only that Walker County and Walker County Development Authority are located in Walker County, Georgia. All other and further allegations of the Paragraph are denied.

10.

Paragraph 10 of the Complaint is moot in light of the Court's May 7, 2026, Consent Order. All other and further allegations of the Paragraph are denied.

11.

Paragraph 11 of the Complaint is moot in light of the Court's May 7, 2026, Consent Order. All other and further allegations of the Paragraph are denied.

12.

Paragraph 12 of the Complaint is denied. By way of further response, Defendants deny that this action involves a valid and enforceable written agreement and deny that sovereign immunity is waived as to either Defendant. All other and further allegations of the Paragraph are denied.

13.

Paragraph 13 of the Complaint is denied in the form and manner alleged. Answering further, Defendants admit only that a purported ante-litem notice dated December 11, 2025, was delivered to Defendants via email, and said ante-litem notice speaks for itself as to its content, context, and meaning. All other and further allegations of the Paragraph are denied.

14.

Paragraph 14 of the Complaint is denied in the form and manner alleged. The referenced January 15, 2026, letter is a written communication and speaks for itself as to its content, context and meaning and is the best evidence thereof. Answering further, Defendants acknowledge the January 15, 2026, letter rejected Audia's

allegations of breach and damages, to include the factual predicate thereof. All other and further allegations of the Paragraph are denied.

15.

Paragraph 15 of the Complaint is denied.

16.

Defendants lack sufficient information to admit or deny the truth of the allegations in Paragraph 16 of the Complaint and, therefore, such allegations are denied. All other and further allegations of the Paragraph are denied.

17.

Defendants lack sufficient information to admit or deny the truth of the allegations in Paragraph 17 of the Complaint and, therefore, such allegations are denied. All other and further allegations of the Paragraph are denied.

18.

Paragraph 18 is denied in the form and manner alleged. Answering further, Defendants acknowledge certain economic development written agreements were entered into between Audia Group, LLC and Walker County and the Walker County Development Authority, and Defendants show that the terms of those contracts speak for themselves as to their content, context, and legal effect. Answering further, Defendants show that, pursuant to subsequent written agreements, including but not limited to the 2015 Assignment and Assumption of Agreement for Purchase and Sale

of Property, certain rights and interests initially flowing to Audia Group, LLC were assigned to G3 Holdings, LLC. Accordingly, Plaintiff's claims in this action fail to state a claim upon which relief can be granted against either Walker County or the Walker County Development Authority. All other and further allegations of the Paragraph are denied.

19.

In response to Paragraph 19, the Defendants deny any characterization of the 2014 agreements that is inconsistent with the written instruments, which speak for themselves as to content, context, and meaning. Answering further, Defendants show that subsequent written agreements transferred to G3 Holdings, LLC the "buyer" and "option" interests upon which Plaintiff sues. Thus, whatever alleged option rights may have existed under the September 2014 purchase/option structure were assigned to G3 Holdings, LLC on February 23, 2015. Plaintiff therefore lacks standing and fails to state a claim against Walker County or the Development Authority based on interests assigned to G3. Without waiving such assignment and standing defenses, Defendants show that, to the extent Plaintiff is attempting to enforce the original 2014 form option attached to the September 2014 Purchase Agreement directly against Walker County or the Development Authority, said option form is/was ultra vires and a legal nullity as it purported to bind Walker County to a multi-year financial obligation. Such an attempted contractual exercise

by a county government constitutes an unlawful multi-year debt instrument in violation of Georgia's constitutional and statutory debt and fiscal-year limitations.

20.

Defendants deny Paragraph 20 in the form and manner alleged.

21.

Defendants lack sufficient information to admit or deny the truth of the allegations in Paragraph 21 of the Complaint and, therefore, such allegations are denied. By way of further response, Defendants deny that Plaintiff's alleged intentions or desires are relevant to the enforceability of the alleged written agreement, which must stand or fall on its own terms and pursuant to Georgia law. All other and further allegations of the Paragraph are denied.

22.

Paragraph 22 of the Complaint is denied in the form and manner alleged. Defendants admit only that the document attached to the Complaint as Exhibit 1 appears to be signed by the parties and dated September 10, 2014. Defendants deny that the parties entered into a valid, binding, and enforceable Option Agreement on that date. Defendants further show that the alleged Option Agreement was part of the underlying Purchase Agreement to be entered into at such time as the underlying Purchase Agreement transaction closed between Plaintiff and Defendants, which never occurred between Plaintiff and Defendants. Answering still further, to the

extent Plaintiff suggests that the 2014 Option document was/is a stand-alone contract, such an allegation is legally infirm as the document facially declares it exists only "in consideration of buyer's purchase of the Property from Seller." Moreover, as framed by Plaintiff, the 2014 Option – purportedly placing a contingent, multi-year "pad ready" obligation of up to $40,000,000 on Walker County - violated Georgia law regarding the ability of a county government to enter into a multi-year debt obligation. All other and further allegations of the Paragraph are denied.

23.

Paragraph 23 of the Complaint is denied in the form and manner alleged. Defendants admit only that the document attached to the Complaint as Exhibit 1 speaks for itself as to form and content. Defendants deny that Exhibit 1 is a valid, binding, or enforceable agreement between Plaintiff and Defendants. By way of further response, Audia Group assigned all of its rights under the Purchase Agreement to G3 Holdings, LLC, and, when the transaction closed between the Walker County Development Authority and G3 Holdings, LLC, a separate option agreement was executed granting G3 Holdings, LLC the exclusive right to purchase. That subsequent agreement superseded any prior alleged Option Agreement with Plaintiff. All other and further allegations of the Paragraph are denied.

24.

In response to Paragraph 24 of the Complaint, Defendants admit that a manufacturing facility associated with Plaintiff's development project was constructed and operated in Walker County. Defendants lack sufficient information to admit or deny whether Plaintiff itself constructed and has been operating the manufacturing facility and, therefore, such allegations are denied. All other and further allegations of the Paragraph are denied.

25.

Defendants lack sufficient information to admit or deny the truth of the allegations in Paragraph 25 of the Complaint. All other and further allegations of the Paragraph are denied.

26.

Paragraph 26 of the Complaint is denied in the form and manner alleged. Defendants deny that Plaintiff had any right under the alleged Option Agreement dated September 10, 2014. Defendants admit only that Exhibit 2 to the Complaint appears to be an accurate copy of a letter dated December 12, 2024, that Defendants received from Plaintiff. All other and further allegations of the Paragraph are denied.

27.

Paragraph 27 of the Complaint is denied. By way of further response, the communication from the Defendants referenced in Paragraph 29 of the Complaint

included a response to both the December 12, 2024, letter referenced in Paragraph 26 and the January 24, 2025, Notice Letter referenced in Paragraph 28. All other and further allegations of the Paragraph are denied.

28.

Paragraph 28 of the Complaint is denied in the form and manner alleged. Defendants admit only that Exhibit 3 to the Complaint appears to be an accurate copy of the letter dated January 24, 2025, that Defendants received from Plaintiff. Defendants deny that Plaintiff validly asserted a breach or identified any enforceable obligation owed by Defendants to Plaintiff. All other and further allegations of the Paragraph are denied.

29.

Paragraph 29 of the Complaint is denied in the form and manner alleged. Defendants deny that they had any obligations under the alleged Option Agreement. Defendants admit only that Defendants responded to Plaintiff by letter dated January 27, 2025, which response was to both the December 12, 2024, letter and the January 24, 2025, Notice Letter. All other and further allegations of the Paragraph are denied.

30.

Paragraph 30 of the Complaint is denied in the form and manner alleged. Defendants admit only that Plaintiff made requests in 2025 relating to the alleged Option Agreement. Defendants deny that they had any obligations under the alleged

Option Agreement and deny that they failed or refused to comply with any obligation owed to Plaintiff thereunder. All other and further allegations of the Paragraph are denied.

31.

Defendants lack sufficient information to admit or deny the truth of the allegations in Paragraph 31 of the Complaint. All other and further allegations of the Paragraph are denied.

32.

Defendants lack sufficient information to admit or deny the truth of the allegations in Paragraph 32 of the Complaint. All other and further allegations of the Paragraph are denied.

33.

Paragraph 33 of the Complaint is denied. Defendants deny that they breached any agreement with Plaintiff or caused Plaintiff any damages. All other and further allegations of the Paragraph are denied.

34.

Paragraph 34 of the Complaint is a statement of Plaintiff's theory of recovery and requires no response. To the extent a response is required, Defendants deny the allegations of breach of contract and deny that Plaintiff is entitled to any form of

relief under the Complaint. All other and further allegations of the Paragraph are denied.

## BREACH OF CONTRACT

### 35.

Defendants hereby incorporate by reference their responses to Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

### 36.

Paragraph 36 of the Complaint is denied. By way of further response, Defendants deny that the alleged Option Agreement is a valid or enforceable contract between Plaintiff and Defendants. Defendants further deny that the alleged Option Agreement was duly authorized, as it was an exhibit to the underlying Purchase Agreement, and the underlying/condition precedent transaction never closed between Plaintiff and the Defendants. All other and further allegations of the Paragraph are denied.

### 37.

Paragraph 37 of the Complaint is denied. By way of further response, Defendants show that Plaintiff assigned its interest to G3 Holdings, LLC effective February 23, 2015, and G3 Holdings, LLC closed on the underlying transaction with Walker County Development Authority. Answering further, to the extent Plaintiff is

alleging it fully complied with the 2014 alleged Option Agreement, said agreement was void ab initio. All other and further allegations of the Paragraph are denied.

38.

Paragraph 38 of the Complaint is denied. Defendants deny that Plaintiff retained any right to purchase under the alleged Option Agreement. Defendants further show that the alleged Option Agreement was superseded by a substitute Option Agreement with Plaintiff's assignee, G3 Holdings, LLC, effective on February 23, 2015. All other and further allegations of the Paragraph are denied.

39.

Paragraph 39 of the Complaint and all subparts are denied.

40.

Paragraph 40 of the Complaint and all subparts are denied.

41.

Paragraph 41 of the Complaint is denied.

42.

Paragraph 42 of the Complaint and all subparts are denied.

43.

Paragraph 43 of the Complaint is denied. Defendants deny that Plaintiff is entitled to recover any interest, attorney's fees, litigation costs, or expenses for any reason, including under the subject Option Agreement, which is not a valid or

enforceable contract between Plaintiff and Defendants. All other and further allegations of the Paragraph are denied.

## AD DAMNUM CLAUSE

Responding to the allegations in the Ad Damnum Clause, constituting Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief in any form against Defendants. Responding further to the separately numbered prayers for relief, Defendants state as follows:

44.

The prayer for summons is moot in light of the Court's May 7, 2026, Consent Order. Defendants deny that Plaintiff is entitled to any default, judgment, damages, or relief against Defendants. All other and further allegations of this prayer for relief are denied.

45.

Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 2 of the Ad Damnum Clause, including specific performance, damages, interest, attorney's fees, costs, or any relief in any amount against Defendants. All other and further allegations of this prayer for relief are denied.

46.

Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 3 of the Ad Damnum Clause or to any other relief against Defendants. All other and further allegations of this prayer for relief are denied.

## COUNTERCLAIM

## DECLARATORY JUDGMENT AGAINST PLAINTIFF AUDIA GROUP, LLC

47.

Defendants hereby incorporate by reference their responses to Paragraphs 1 through 43 of the Complaint and their responses to the Ad Damnum Clause as if fully set forth herein.

48.

Without waiving any of the foregoing defenses, without admitting that this Court has subject matter jurisdiction over this action, without admitting that Plaintiff has standing or is the real party in interest, without waiving Defendants' contention that G3 Holdings, LLC is a necessary and indispensable party, and without waiving any defense under Fed. R. Civ. P. 12(b)(1), 12(b)(7), 17, or 19, Defendants bring this Counterclaim only in the alternative, if and only if the Court first determines that it has subject matter jurisdiction over this action and that the case may proceed without the joinder of G3 Holdings, LLC.

49.

Plaintiff alleges that the parties entered into a Real Estate Option Agreement in September 2014 (the "Alleged 2014 Option Agreement"), that the Alleged 2014 Option Agreement is valid and enforceable, and that the Alleged 2014 Option Agreement requires Defendants to sell the Option Property to Plaintiff for $10.00, convey good and marketable fee simple title to the Option Property, provide an updated survey, and make the Option Property "pad-ready" at Defendants' expense.

50.

Defendants deny that the Alleged 2014 Option Agreement is a valid, binding, or enforceable agreement between Plaintiff and Defendants.

51.

As construed by Plaintiff, the Alleged 2014 Option Agreement is a multi-year agreement that purports to place upon Walker County, Georgia, a multi-year financial debt obligation extending beyond the calendar and fiscal year in which it was allegedly executed.

52.

As construed by Plaintiff, the Alleged 2014 Option Agreement purports to require Walker County and/or Walker County Development Authority to incur and perform substantial future financial obligations, including, but not limited to, survey, title, conveyance, grading, site-preparation, storm-water, railway-bed, concrete,

topsoil, and other "pad-ready" obligations, at some future time years after the alleged execution of the Alleged 2014 Option Agreement.

53.

No referendum was held, and no assent of a majority of the qualified voters of Walker County, Georgia, was obtained, for the multi-year debt obligation that Plaintiff contends was created by the Alleged 2014 Option Agreement.

54.

As construed by Plaintiff, the Alleged 2014 Option Agreement is in derogation of the GA CONST Art. 9, § 5, ¶ I(a), and the constitutional prohibition against the incurring of new debt by a county, municipality, or other political subdivision without the assent of a majority of the qualified voters voting in an election held for that purpose as provided by law.

55.

As construed by Plaintiff, the Alleged 2014 Option Agreement also fails to comply with the limitations and mandatory conditions governing multi-year obligations of counties, municipalities, and/or other political subdivisions under Georgia law, including O.C.G.A. § 36-60-13, O.C.G.A. § 36-30-3, and all other applicable law.

56.

As construed by Plaintiff, the Alleged 2014 Option Agreement improperly purports to bind succeeding governing authorities in the exercise of their legislative discretion and to compel multi-year governmental expenditures, obligations, or performance in a manner not permitted by Georgia law.

57.

Accordingly, the Alleged 2014 Option Agreement is a nullity, void ab initio, invalid, illegal, and unenforceable as a matter of law.

58.

An actual controversy exists between Plaintiff and Defendants regarding whether the Alleged 2014 Option Agreement is valid, binding, and enforceable, because Plaintiff seeks specific performance, damages, interest, attorney's fees, litigation costs, and other relief based on the Alleged 2014 Option Agreement, while Defendants deny that the Alleged 2014 Option Agreement is valid, binding, or enforceable.

59.

In the alternative, and only if the Court determines that it has subject matter jurisdiction over this action and may reach the merits without the joinder of G3 Holdings, LLC, Defendants are entitled to a declaration pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. 57, and all other applicable law that the Alleged 2014 Option

Agreement is a nullity, void ab initio, invalid, illegal, and unenforceable as a matter of law.

60.

Defendants are further entitled to a declaration that Plaintiff has no enforceable rights against Defendants under the Alleged 2014 Option Agreement and that Defendants owe no duty to Plaintiff to convey the Option Property, to provide an updated Option Property Survey, to make the Option Property "pad-ready," to pay or reimburse any alleged pad-ready costs, or to pay any damages, interest, attorney's fees, litigation costs, or expenses arising out of the Alleged 2014 Option Agreement.

61.

The documents attached hereto as Exhibits "A" through "D" are incorporated herein by reference as if fully set forth herein pursuant to Fed. R. Civ. P. 10(c):

- Exhibit A – September 10, 2014 Agreement for Purchase and Sale of Property between Audia Group, LLC, Walker County, Georgia, and the Walker County Development Authority;

- Exhibit B – February 23, 2015 Assignment and Assumption of Agreement for Purchase and Sale of Property between Audia Group, LLC, G3 Holdings, LLC, Walker County, Georgia, and the Walker County Development Authority;

- Exhibit C – February 23, 2015 Real Estate Option Agreement between G3 Holdings, LLC and the Walker County Development Authority; and,

- Exhibit D – February 23, 2015 Limited Warranty Deed wherein the Walker County Development Authority conveyed to G3 Holdings, LLC 23.02 acres +/- in Walker County, Georgia.

WHEREFORE, Defendants pray:

(a) That Plaintiff's Complaint be dismissed in its entirety, with prejudice;

(b) That Plaintiff take nothing by way of the Complaint;

(c) That judgment be entered in favor of Defendants and against Plaintiff;

(d) That, in the alternative, if the Court finds that subject matter jurisdiction exists and reaches Defendants' Counterclaim, the Court declare that the Alleged 2014 Option Agreement is a nullity, void ab initio, invalid, illegal, and unenforceable as a matter of law;

(e) That, in the alternative, the Court declare that Plaintiff has no enforceable rights against Defendants under the Alleged 2014 Option Agreement and that Defendants owe no duty to Plaintiff to convey the Option Property, to provide an updated Option Property Survey, to make the Option Property "pad-ready," to pay or reimburse any alleged pad-ready costs, or to pay any damages, interest, attorney's fees, litigation costs, or expenses arising out of the Alleged 2014 Option Agreement;

(f) That Defendants be awarded all costs, attorney's fees, and expenses of litigation available under O.C.G.A. § 9-15-14 and any other applicable law;

(g) That Defendants be granted such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted this 8th day of June 2026.

**JARRARD & DAVIS, LLP**

*/s/ Ken E. Jarrard*
Ken E. Jarrard
Georgia Bar No. 389550
Jeffrey M. Strickland
Georgia Bar No. 585543

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)
kjarrard@jarrard-davis.com
jstrickland@jarrard-davis.com

*Attorneys for Defendants Walker County and Walker County Development Authority*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANTS WALKER COUNTY AND WALKER COUNTY DEVELOPMENT AUTHORITY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** in the above-styled civil action with the Clerk of Court via the CM/ECF electronic filing system, which will automatically send notice of same to all counsel of record. Additionally, a true and correct copy has been delivered to the following counsel of record:

Michael P. Kohler
Miller & Martin, PLLC
1180 W. Peachtree St., Suite 2100
Atlanta, Georgia 30309
michael.kohler@millermartin.com

Respectfully submitted this 8th day of June 2026.

**JARRARD & DAVIS, LLP**

*/s/ Ken E. Jarrard*
Ken E. Jarrard
Georgia Bar No. 389550
Jeffrey M. Strickland
Georgia Bar No. 585543

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)
kjarrard@jarrard-davis.com
jstrickland@jarrard-davis.com

*Attorneys for Defendants Walker County and Walker County Development Authority*