**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| AUDIA GROUP, LLC, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | Civil Action File |
| ] | 4:26-cv-00072-WMR |
| WALKER COUNTY and ] | |
| WALKER COUNTY DEVELOPMENT ] | |
| AUTHORITY, ] | |
| ] | |
| Defendants. ] | |

## ANSWER TO COUNTERCLAIM

In accordance with Fed. R. Civ. P. 8, 12(a)(1)(B) (and as otherwise provided by law), Audia Group, LLC answers the counterclaim filed by Walker County and Walker County Development Authority (collectively, "Walker County"), showing the Court as follows:

As a preliminary matter, Audia Group asserts the following defenses, reserving the right to supplement or amend its defenses as permitted by law or otherwise:

1.     Walker County's counterclaim fails to state a claim upon which relief may be granted.

- 1 -

2.      The counterclaim is an impermissible shotgun pleading.

3.      The Court has discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject-matter jurisdiction prerequisites. The Court should not exercise its discretion to entertain Walker County's claim for declaratory relief, in part, because of the defenses asserted herein.

4.      There is no uncertainty or insecurity with respect to the parties' rights, status, or other legal relations under the September 2014 Real Estate Option Agreement (the "Agreement"), in part, because Audia Group claims the Agreement is valid, binding, and enforceable, on the one hand, and Walker County claims the Agreement is neither valid, binding, nor enforceable, on the other hand.

5.      Rights and liabilities under the Agreement have already accrued and vested, and there is no uncertainty as to future action.

6.      A declaratory judgment is not appropriate because an action for breach of the Agreement (as already alleged by Audia Group) will give full and complete relief.

7.      There is no need for guidance from the Court as Walker County has already acted in defiance of the Agreement, in part, by refusing to convey title to

the Option Property to Audia Group and refusing to make the Option Property "pad-ready."

8. A declaratory judgment action may not be used to test defenses to a contractual liability, which is what Walker County is trying to do by asserting its counterclaim.

9. The counterclaim may be barred, either in whole or in part, by the doctrines of estoppel, laches, acquiescence, and/or waiver.

10. The counterclaim may be barred, either in whole or in part, by the Agreement, which is valid, in effect, and enforceable.

11. The counterclaim may be barred, either in whole or in part, due to unclean hands and/or unjust enrichment.

12. Walker County Development Authority is neither a county, municipality, nor political subdivision.

13. Conveyance of the Option Property is not "new debt" within the meaning of Ga. Const. Art. 9, Para. I(a). The Agreement does not require Walker County to incur or finance any present or future debt, but instead provides for a contingent conveyance obligation triggered upon Audia Group's exercise of the option.

14.    The counterclaim fails because the Agreement is not void *ab initio* and otherwise contains a severability clause. Even if any portion of the Agreement were determined to violate constitutional or statutory provisions, such provision would be severable, and the remaining provisions, including those relating to the grant and exercise of the option and the conveyance of the Option Property, would remain valid and enforceable under Georgia law.

15.    The counterclaim fails because the Agreement does not fall within the scope of O.C.G.A. § 36-60-13 as the statute governs multiyear lease, purchase, or lease-purchase contracts entered into by a county or municipality for the acquisition of goods, services, or property. The Agreement at issue, for example, does not involve the acquisition of property or a financing arrangement by Walker County; rather, it provides for the conditional sale and conveyance of real property to Audia Group upon the exercise of an option. Moreover, the Agreement does not provide for Walker County's acquisition of goods, materials, services, or supplies; rather, it involves Walker County's provision of goods, materials, services, and/or supplies. Accordingly, the Agreement is not subject to the requirements or limitations of O.C.G.A. § 36-60-13.

16.    The counterclaim fails because O.C.G.A. § 36-60-13 does not apply to the Walker County Development Authority. The statute governs multiyear lease,

purchase, or lease-purchase contracts entered into by counties or municipalities for the acquisition or financing of property, goods, or services. The Walker County Development Authority, however, is a separate public corporate entity operating under distinct statutory authority, with independent power to enter into contracts and dispose of property. The Agreement arises from such a transaction and does not fall within the scope of O.C.G.A. § 36-60-13.

17.     The counterclaim fails, in whole or in part, because O.C.G.A. § 36-30-3 does not apply to Walker County Development Authority. O.C.G.A. § 36-30-3 applies to municipalities, and Walker County is not a municipality. What's more, the Walker County Development Authority does not exercise legislative power, but instead operates as a separate public corporate entity with the authority to enter into contracts and dispose of property. The Agreement arises from such a proprietary transaction. Accordingly, O.C.G.A. § 36-30-3 does not provide a basis to invalidate the Agreement.

18.     The Agreement has not been assigned (to G3 Holdings, LLC or to anyone else) and has not otherwise been amended, modified, terminated, extinguished, substituted, replaced, or superseded by any other agreement.

19.     Audia Group is the only party with the right to exercise the purchase of the Option Property under the Agreement or otherwise.

20.     Walker County is not entitled to an award of its attorneys' fees and expenses under O.C.G.A. § 9-15-14 or as otherwise provided by law, in part, because Audia Group did not assert claims, defenses, or other positions in this case: (1) to which there exist such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position; (2) that lacked substantial justification, meaning they were not substantially frivolous, substantially groundless, or substantially vexatious; (3) that were interposed for delay or harassment; and (4) that unnecessarily expanded this proceeding.

Audia Group responds to the specific allegations set forth in the numbered paragraphs of Walker County's counterclaim as follows:

47.     Audia Group adopts and incorporates by reference paragraphs 1 – 43 of the complaint (ECF No. 1) and paragraphs 1 – 56 of the amended complaint, including the ad damnum clauses, as if fully restated here.

48.     Audia Group denies the allegations contained in paragraph 48 of the counterclaim, in part, because: (1) this Court has subject-matter jurisdiction of this action as G3 Holdings, LLC (even if it were a necessary and indispensable party) is not a Georgia citizen, thus the parties are still diverse for purposes of the Court's subject-matter jurisdiction; (2) Audia Group has standing to bring the claim(s)

- 6 -

asserted in this action because it never assigned the Agreement to G3 Holdings, LLC; and (3) G3 Holdings, LLC is not a necessary and indispensable party because Audia Group never assigned the Agreement to G3 Holdings, LLC and is the only party with the right to exercise the option under the Agreement. Walker County further has no viable counterclaim for some of the defenses asserted in this answer.

49.    Audia Group admits the allegations contained in paragraph 49 of the counterclaim except to the extent such allegations are inconsistent with the terms of the Agreement.

50.    Audia Group admits that Walker County disputes that the Agreement is valid, binding, and enforceable as alleged in paragraph 50 of the counterclaim. The Agreement, however, is valid, binding, and enforceable.

51.    Audia Group denies the allegations contained in paragraph 51 of the counterclaim as phrased.

52.    Audia Group denies the allegations contained in paragraph 52 of the counterclaim as phrased.

53.    Audia Group lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 53 of the

counterclaim except that Audia Group denies that it contends the Agreement created a "multi-year debt obligation" for purposes of Ga. Const. Art. 9, § 5, ¶ I(a).

54.    Audia Group denies the allegations contained in paragraph 54 of the counterclaim.

55.    Audia Group denies the allegations contained in paragraph 55 of the counterclaim.

56.    Audia Group denies the allegations contained in paragraph 56 of the counterclaim.

57.    Audia Group denies the allegations contained in paragraph 57 of the counterclaim.

58.    Audia Group denies the allegations contained in paragraph 58 of the counterclaim.

59.    Audia Group denies the allegations contained in paragraph 59 of the counterclaim.

60.    Audia Group denies the allegations contained in paragraph 60 of the counterclaim.

61.    Audia Group admits that Walker County attached certain documents to the counterclaim as Exhibits A – D. Audia Group denies that the Real Estate Option Agreement (Exhibit C) is binding, valid, or enforceable, in part, because it

was not signed by G3 Holdings, LLC, the Agreement was not assigned to G3 Holdings, LLC, and Audia Group is the only party with the right to exercise the option under the Agreement or otherwise. Audia Group denies any allegations inconsistent with the terms of the documents attached as Exhibits A – D.

62.    Each and every allegation contained in the counterclaim that is not specifically admitted or denied by Audia Group is denied. Audia Group further denies that Walker County is entitled to any relief or damages prayed for in the counterclaim (including the ad damnum clause) or to any other relief or damages whatsoever based on the allegations set forth in the counterclaim.

**WHEREFORE**, Audia Group prays that:

1.    Walker County's counterclaim be dismissed with prejudice;

2.    Judgment be entered in its favor on Walker County's counterclaim;

3.    Audia Group be awarded its costs and attorneys' fees incurred in defending this action as permitted under the Agreement, O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, or as otherwise permitted by law; and

4.    The Court enter such other and further relief as it deems just and proper under the circumstances.

This 29th day of June, 2026.

**MILLER & MARTIN PLLC**

*/s/ Michael P. Kohler*
By:    Michael P. Kohler
          Georgia Bar No. 427727

Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
Office: 404.962.6100
Facsimile: 404.962.6300
Email: michael.kohler@millermartin.com

***Counsel for Audia Group, LLC***

**Certificate of Service**.  I hereby certify that on the below date this document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record in this action.

This 29th day of June, 2026.

**MILLER & MARTIN PLLC**


*/s/ Michael P. Kohler*

By:   Michael P. Kohler
        Georgia Bar No. 427727

Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
Office: 404.962.6100
Facsimile: 404.962.6300
Email: michael.kohler@millermartin.com

***Counsel for Audia Group, LLC***

- 11 -