# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

AUDIA GROUP, LLC,                          ]
                                           ]
    Plaintiff,           ]
                                           ]
v.                                         ]    Civil Action File No.:
                                           ]    4:26-cv-00072-WMR
WALKER COUNTY and                          ]
WALKER COUNTY DEVELOPMENT                   ]
AUTHORITY,                                  ]
                                           ]
    Defendants.          ]

## AMENDED COMPLAINT

In accordance with Fed. R. Civ. P. 15(a)(1)(B) and as otherwise provided by law, Plaintiff Audia Group, LLC amends its complaint as a matter of course, showing the Court as follows:

In 2014, Audia Group was deciding between Georgia and five other states to construct and operate a $50 million manufacturing facility, which would create about 100 new jobs. To incentivize Audia Group to locate to Walker County, Georgia, Defendants Walker County and Walker County Development Authority agreed, among other things, to grant Audia Group an exclusive option to purchase certain property next to where its manufacturing facility would be built so that it

- 1 -

could expand its operations in the future if needed and to make the option property "pad-ready" in the event Audia Group decided to expand its footprint in the county.

Lured by these and other promises, Audia Group located its newest manufacturing facility in Walker County, Georgia. After investing almost $90 million in the manufacturing facility and creating almost 125 new jobs, Audia Group looked to expand once again, and the option property was the ideal location. Although Audia Group exercised its right to purchase the option property, Walker County and Walker County Development Authority refused, among other things, to sell the option property or make it "pad-ready" despite the parties' agreement. Audia Group repeatedly requested that Walker County and Walker County Development Authority reconsider their position, but they refused.

When it became clear that neither Walker County nor Walker County Development Authority was going to comply with its obligations under the parties' agreement or otherwise engage in good faith to find a resolution, Audia Group was left with no choice but to bring this action to hold Walker County and Walker County Development Authority accountable for failing to honor the parties' agreement.

## The Parties, Jurisdiction, & Venue

1.     Plaintiff Audia Group, LLC is a Pennsylvania limited liability company with its principal place of business located at 480 Johnson Rd., Washington, Pennsylvania, 15301.

2.     Audia Group has one member—Washington Penn Plastic Co., Inc. Washington Penn Plastic Co., Inc. is a Pennsylvania corporation with its principal place of business located at 480 Johnson Rd., Washington, Pennsylvania, 15301.

3.     G3 Holdings, LLC (a non-party) is an affiliate of Audia Group. G3 Holdings, LLC's principal place of business is located in Pennsylvania, and its only member is Audia International, Inc., which is a Pennsylvania corporation.

4.     By filing this action, Audia Group has availed itself of the Court's jurisdiction.  For purposes of the Court's subject-matter jurisdiction, Audia Group is a Pennsylvania citizen.

5.     Defendant Walker County is a Georgia political subdivision located in the Rome Division of the Northern District of Georgia.  LR App. A, NDGa.

6.     This Court has personal jurisdiction over Walker County, in part, because it is a political subdivision located in the Rome Division of the Northern District of Georgia.  For purposes of the Court's subject-matter jurisdiction, Walker County is a citizen of Georgia.

7.      Walker County Development Authority is an authority created under Georgia's Development Authorities Law, O.C.G.A. § 36-62-1, *et seq.*  Among other things, Walker County Development Authority: (1) enjoys certain tax exemption benefits; (2) is run by a board of directors who reside in Walker County, Georgia, and are appointed or elected by the governing body of Walker County, Georgia; and (3) has, among other powers, the power to defend actions (such as this), to make and execute contracts (such as the option agreement at issue here), and to grant an option for any real property (such as the option property here).

8.      This Court has personal jurisdiction over Walker County Development Authority, in part, because the Walker County Development Authority operates and transacts business in the Rome Division of the Northern District of Georgia.  For purposes of the Court's subject-matter jurisdiction, Walker County Development Authority is a citizen of Georgia.

9.      The Court has subject-matter jurisdiction over this dispute, in part, because there is diversity of citizenship (*e.g.*, Audia Group, the plaintiff, is a citizen of Pennsylvania, and Walker County and Walker County Development Authority, the defendants, are citizens of Georgia) and the amount of controversy exceeds the statutory minimum (*i.e.*, $75,000). *See* 28 U.S.C. § 1332.

10.      Venue is proper in this Court, in part, because Walker County and

- 4 -

Walker County Development Authority reside (or are domiciled) in Walker County, Georgia. *See* 28 U.S.C. § 1391.

11.     Per the Court's May 7, 2026 Order, Walker County and Walker County Development Authority were served with the summons and a copy of the original complaint. (ECF No. 5.) Walker County and Walker County Development Authority may be served with this amended complaint as provided by law.

### Sovereign Immunity & Ante-Litem Notice

12.     Sovereign immunity, to the extent it is even available to Walker County and/or Walker County Development Authority, has been waived. *See, e.g.*, Ga. Const. art. I, § 2, ¶ IX; O.C.G.A. § 50-21-1.

13.     On December 11, 2025, Audia Group provided Walker County and Walker County Development Authority notice of its claims under O.C.G.A. § 36-11-1 and as otherwise may be required under the law ("Ante-Litem Notice").

14.     On January 15, 2026, Walker County and Walker County Development Authority rejected Audia Group's claims as detailed in its Ante-Litem Notice.

15.     All conditions precedent have occurred, been performed, or been satisfied or have otherwise been waived or excused.

**The Factual Allegations**

16.     Founded in 1950, Audia Group is an international plastics manufacturer and supplier, with operations in North America, Asia, Europe, and Central America. It has over 10 manufacturing locations, over 1,000 employees in North America and Europe, and is doing business in over 50 countries across broad market platforms, including automotive, appliance, construction, packaging, and consumer.

17.     In 2014, Audia Group was looking to expand its operations by investing in a new $50 million manufacturing plant that would employ about 100 people. Audia Group was in active discussions with 6 states, including the State of Georgia, regarding its needed expansion.

18.     Walker County and Walker County Development Authority actively recruited Audia Group to expand its operations to the newly developed Walker County Business Park located at 2222 Walker County Industrial Drive, LaFayette, Georgia, 30728 (the "Park").

19.     To incentivize Audia Group to construct and operate its new plastics facility at the Park, Walker County and Walker County Development Authority agreed, among other things, to grant Audia Group an option to purchase certain real property at the Park ("Option Property") so that it could later expand if

needed.  And if Audia Group exercised its right to purchase the Option Property, Walker County and Walker County Development Authority agreed that they would make the Option Property "pad-ready."

20.   In May 2014, Audia Group, Walker County, and Walker County Development Authority announced publicly that Audia Group would construct and operate its new manufacturing facility at the Park.

21.   But for the right to purchase the Option Property and Walker County's and Walker County Development Authority's agreement to make the Option Property "pad-ready," Audia Group would not have agreed to construct or operate a manufacturing facility at the Park.

22.   In September 2014, Audia Group, Walker County, and Walker County Development Authority entered into a Real Estate Option Agreement (the "Agreement"), which is attached as **Exhibit 1**. The Agreement has not been assigned (to G3 Holdings, LLC or to anyone else) and has not otherwise been amended, modified, terminated, extinguished, substituted, replaced, or superseded by any other agreement.

23.   The Agreement provides, among other things, that: (1) Walker County and Walker County Development Authority grant Audia Group "an exclusive option to purchase" the Option Property; (2) Audia Group has until January 1,

2025, to exercise its right to purchase the Option Property; and (3) Walker County and Walker County Development Authority, at their expense, will make the Option Property "pad-ready" by contractors approved by Audia Group. Audia Group is the only party with the right to exercise the purchase of the Option Property under the Agreement or otherwise.

24.    Audia Group constructed and has been operating its manufacturing facility at the Park.

25.    After several years of operating at the Park, Audia Group needed to expand once again.

26.    On December 12, 2024, Audia Group exercised its right to purchase the Option Property so that it could expand its operations at the Park. Attached as **Exhibit 2** is the December 12, 2024 letter Audia Group sent to Walker County and Walker County Development Authority exercising its right to purchase the Option Property (the "Letter").

27.    Neither Walker County nor Walker County Development Authority, however, responded to the Letter.

28.    On January 24, 2025, Audia Group sent a notice of breach of the Agreement to Walker County and Walker County Development Authority, requesting that they cure their breaches under the Agreement.  Attached as **Exhibit**

- 8 -

**3** is a copy of that letter ("Notice Letter").

29. On January 27, 2025, Walker County and Walker County Development Authority (through their counsel) responded to the Notice Letter, confirming that they would not comply with their obligations under the Agreement or otherwise.

30. Throughout 2025 (in both writing and in person), Audia Group repeatedly requested that the Walker County and Walker County Development Authority reconsider their position and comply with the parties' agreement. They refused.

31. By the close of 2025, Audia Group had invested almost $90 million in its operations in Walker County, Georgia, employing about 125 people.

32. Because of Walker County's and Walker County Development Authority's refusal to comply with the parties' agreement, Audia Group had to find an alternative site to expand. It did so in Kentucky, investing more than $100 million in a new manufacturing plant and creating almost 100 new jobs.

33. Walker County's and Walker County Development Authority's failure to comply with the parties' agreement damaged Audia Group, in part, because it had to find and purchase the alternative site and make it pad-ready.

### The Causes of Action

34.    Audia Group asserts the following causes of action, reserving the right to supplement or amend its causes of action or assert additional causes of action as permitted by law.

### Count 1: Breach of Contract

35.    Audia Group adopts and incorporates paragraphs 1 – 33 of this amended complaint as if fully stated herein.

36.    The Agreement is in writing, is valid and enforceable, and was duly authorized by the executing parties—Audia Group, on the one hand, and Walker County and Walker County Development Authority, on the other hand.

37.    Audia Group fully complied with the Agreement.

38.    On December 12, 2024, Audia Group properly and timely exercised its right to purchase the Option Property under the Agreement.

39.    Upon Audia Group's exercising of its right to purchase the Option Property, the Agreement requires Walker County and Walker County Development Authority to, among other things:

  a.    Sell the Option Property to Audia Group for $10.00;

  b.    Convey good and marketable fee simple title to the Option Property to Audia Group free and clear of all liens and encumbrances (including,

but not limited to, any loans secured by the Option Property), subject only to certain permitted title exceptions, on or by April 13, 2025;

c.       Provide an updated Option Property Survey that complies with ALTA/ASCM minimum standards on or by January 13, 2025; and

d.       Render the Option Property "pad-ready" on or by March 12, 2025, by contractors approved by Audia Group. Under the Agreement, "pad-ready" means Walker County and Walker County Development Authority must make sure the Option Property is in a final condition upon which Audia Group's contractors can commence construction of the current and future contemplated facilities on the Option Property, including, without limitation:

i.       Having the proposed facility locations (including all buildings and the trailer truck and automobile parking areas) as shown on Audia Group's site plan rough-graded and find-graded, and meeting soil compaction, soil composition, flatness, and other specifications established by Audia Group's general contractor or engineer;

ii.       Having proper storm water management facilities, including retention ponds, pellet separation systems, drainage connections (to be located within 5 feet of the proposed building location and the number of which to be determined by Audia Group's contractor), and loading dock drains, in place;

- 11 -

iii.    Having all required railway bed construction and ballasting for the railway service as contemplated in the Agreement completed and ready for installation of the completed rail spur, including rail tract, switches and other equipment;

iv.    Having appropriate concrete foundation for truck docks to be located on the Option Property; and

v.    Having topsoil scraped off and collected in an area determined by Audia Group for subsequent use by Audia Group's designated contractor in landscaping the Option Property.

40.    Walker County and Walker County Development Authority breached the Agreement, in part, by failing:

a.    To deliver the updated Option Property Survey to Audia Group on or by January 13, 2025;

b.    To deliver the Option Property "pad-ready" to Audia Group by March 12, 2025—indeed, nothing at all was done to make the Option Property "pad-ready"; and

c.    To deliver title to the Option Property to Audia Group by the April 13, 2025 closing date.

41.    Audia Group has been damaged by Walker County's and Walker

County Development Authority's breach of the Agreement, in part, because it has not: (a) received the updated Option Property Survey; (b) received title to the Option Property; (c) received the Option Property in "pad-ready" condition; and (d) been able to expand its operations in Walker County, Georgia as contemplated when the parties entered into the Agreement in 2014.

42.    Because of Walker County's and Walker County Development Authority's breach of the Agreement, Audia Group seeks all damages and relief available under the law, including, but not limited to:

a.    specific performance, *i.e.*, that Walker County and Walker County Development Authority strictly comply with the Agreement, by: (i) providing Audia Group (at Walker County's and Walker County Development Authority's expense) an updated Option Property Survey that complies with ALTA/ASCM minimum standards; (ii) making the Option Property "pad-ready" as defined under the Agreement (at Walker County's and Walker County Development Authority's expense); and (iii) conveying (for $10.00) good and marketable fee simple title to the Option Property to Audia Group free and clear of all liens and encumbrances; and/or

b.    Walker County and Walker County Development Authority convey (for $10.00) good and marketable fee simple title to the Option Property to

Audia Group free and clear of all liens and encumbrances and pay or reimburse Audia Group for the costs to make the Option Property "pad-ready," which such costs will exceed an amount of no less than $75,000; and/or

c.    Damages Audia Group has incurred to acquire and make "pad-ready" substitute property, which such damages exceed an amount of no less than $75,000.

43.    Audia Group also seeks interest and reimbursement of its attorneys' fee and litigations costs as permitted under the Agreement.

### Count 2: Unjust Enrichment
**(Alternative)**

44.    Audia Group adopts and incorporates paragraphs 1 – 33 of this amended complaint as if fully stated herein.

45.    Walker County and Walker County Development Authority, through their acts and representations, induced Audia Group to locate, construct, and operate its manufacturing facility at the Park and to make substantial capital investments in reliance on the anticipated ability to expand onto the Option Property, which Walker County and Walker County Development Authority promised would make "pad-ready."

46.    In reliance on Waker County and Walker County Development Authority's inducements and commitments, Audia Group invested substantial

- 14 -

capital, created jobs, and contributed significantly to the economic development, tax base, and value of the Park and surrounding area, all of which directly and greatly benefitted Walker County and Walker County Development Authority.

47.    Walker County and Walker County Development Authority knowingly accepted, retained, and continue to benefit from the substantial benefits conferred by Audia Group.  Audia Group did not confer these benefits gratuitously, but in reasonable reliance on Walker County's and Walker County Development Authority's promises and inducements, including conveying the Option Property to Audia Group and making it "pad-ready."

48.    Under the principles of equity and good conscience, neither Walker County nor Walker County Development Authority should be permitted to retain these benefits without compensation. Walker County and Walker County Development Authority have been unjustly enriched at Audia Group's expense, and retention of those benefits would be inequitable.

49.    Audia Group, in the alternative, seeks compensation for the benefits it conferred upon Walker County and Walker County Development Authority in an amount to be proven at the trial of this action.

## Count 3: Promissory Estoppel
### (Alternative)

50.    Audia Group adopts and incorporates paragraphs 1 – 33 of this

amended complaint as if fully stated herein.

51.    Walker County and Walker County Development Authority made clear and definite promises to Audia Group, including the grant of an option to purchase the Option Property and the performance of related obligations in connection with Audia Group's anticipated expansion, including making the Option Property "pad-ready."

52.    Walker County and Walker County Development Authority intended, or reasonably should have expected, that Audia Group would rely on those promises in deciding to locate, invest, and operate in Walker County, Georgia.

53.    Audia Group reasonably and substantially relied on Walker County's and Walker County Development Authority's promises by locating its operations in Walker County, making significant capital investments, and developing and operating its business at the Park with the expectation that it would have the ability to expand onto the Option Property, which Walker County and Walker County Development Authority promised would make "pad-ready."

54.    Audia Group's reliance was foreseeable, substantial, and directly induced by Walker County's and Walker County Development Authority's promises.

55.    Injustice can be avoided only by enforcing Walker County's and

Walker County Development Authority's promises or by awarding damages sufficient to compensate Audia Group for its reliance.

56.    Audia Group, in the alternative, seeks to enforce Walker County's and Walker County Development Authority's promises or an award of damages (in an amount to be proven at the trial of this case) sufficient to compensate its for its reliance on such promises.

**<u>Ad Damnum Clause</u>**

Audia Group, therefore, respectfully prays that:

1.    Walker County and Walker County Development Authority answer this amended complaint within the time period provided by law or otherwise suffer judgment by default for the damages and relief complained herein;

2.    The Court enter a judgment in favor of Audia Group and against Walker County and Walker County Development Authority, jointly and severally, for specific performance of the Agreement and/or all types and amounts of damages and relief available under the law, including, interest and attorneys' fees and costs, in an amount of no less than $75,000; and

3.    The Court award Audia Group all such further relief as the Court believes is just and proper.

This 29th day of June, 2026.

**MILLER & MARTIN, PLLC**


/s/ *Michael P. Kohler*
By:    Michael P. Kohler
       Georgia Bar No. 427727

1180 W. Peachtree St., Suite 2100
Atlanta, Georgia, 303039
Tel. No.: (404) 962-6403
Fax. No.: (404) 962-6303
Email: michael.kohler@millermartin.com

***Attorneys for Audia Group, LLC***

- 18 -

**Certificate of Service**.  I hereby certify that on the below date this document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record in this action.

This 29th day of June, 2026.

MILLER & MARTIN PLLC


/s/ Michael P. Kohler

By:    Michael P. Kohler
         Georgia Bar No. 427727

Regions Plaza Suite 2100
1180 West Peachtree Street, NW
Atlanta, Georgia 30309-3407
Office: 404.962.6100
Facsimile: 404.962.6300
Email: michael.kohler@millermartin.com

*Counsel for Audia Group, LLC*