**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| AUDIA GROUP, LLC, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | Civil Action File |
| | ] | 4:26-cv-00072-WMR |
| WALKER COUNTY and | ] | |
| WALKER COUNTY DEVELOPMENT | ] | |
| AUTHORITY, | ] | |
| | ] | |
| Defendants. | ] | |

---

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

---

Pursuant to Fed. R. Civ. P. 26, 33 and the below instructions and definitions, Plaintiff Audia Group, LLC requests that Defendants Walker County and Walker County Development Authority answer under oath the below interrogatories within the time required by law.

**<u>Instructions</u>**

1. If Defendants object to an interrogatory but then answer the interrogatory (*e.g.,* "Subject to these objections and without waiving them, the response is as follows . . . ."), then indicate whether the answer is complete, *i.e.*, whether additional information would have been provided but for the objection(s).



EXHIBIT
A

2. If in answering these interrogatories Defendants encounter any ambiguities construing an interrogatory, instruction, or definition, then explain the ambiguity and the construction Defendants used in answering.

3. If information necessary to answer an interrogatory is not available, then state the efforts that were made to obtain the necessary information, and, if known, identify the source from which the information might be obtained.

4. If any of the interrogatories or portions of them cannot be answered fully, Defendants are requested to answer such interrogatories to the fullest extent possible, giving the reason for not answering fully.

5. In the event Defendants assert the attorney-client privilege or work-product doctrine or any other privilege or qualified privilege as to any information, knowledge or fact requested by any of the following interrogatories, then, as to each interrogatory subject to such assertion, identify the claimed privileged information, knowledge, or fact in sufficient detail to permit the court to reach a determination as to the validity of the asserted privilege in the event of a motion to compel, as well as an indication of the basis for the assertion of privilege.

6. Defendants shall supplement or correct their answer to any interrogatory in a timely manner if they learn that in some material respect the response is incomplete or incorrect.

**Definitions**

1. The terms "You," "Your," and "Defendants" mean Walker County and Walker County Development Authority and are intended to embrace and include each and every person, consultant, investigator, or other individual or entity who is or has been employed or retained by Defendants or who otherwise represents Defendants and who is or has been in a position to, or who may have, obtained information for or on behalf of Defendants with regard to this case or the facts or allegations giving rise to this case.

2. The terms "Plaintiff" or "Audia Group" means Plaintiff Audia Group, LLC.

3. The term "Document" or "Documents" mean any document or electronically-stored information—including contracts, agreements, memoranda, writings, communications, minutes, consents, resolutions, emails, text messages, instant and direct messages, facsimiles, reports, worksheets, notes, diaries, calendars, internet and social media postings, blogs, drawings, graphs, charts, photographs, sound and video recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. Document also includes any AI inquiry and result.

4. The terms “Communicate,” “Communication,” or “Communications” mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

5. The terms “Person,” “Persons,” “Individual,” or “Individuals” include any natural person, firm, proprietorship, partnership, joint venture, corporation, association, or other business entity and all present and former officers, directors, agents, employees, and others acting or purporting to act on behalf of such natural person, firm, proprietorship, partnership, joint venture, corporation, association, or other business entity.

6. The terms “Relate,” “Related To,” or “Concerning” shall include and be interpreted as meaning pertaining to, recording, evidencing, refuting, constituting, containing, setting forth, reflecting, showing, disclosing, describing, analyzing, explaining, summarizing, concerning or referring to, whether directly or indirectly, whether in whole or in part.

7. The words “And,” “And/Or” and “Or” shall each be deemed to refer to both their conjunctive and disjunctive meanings, so as to include any information within the scope of any of the requests in which it is contained. The words “each” and “any” shall mean “each and every” as well as “any one.”

8. The terms "Identify" or "State the Identity of" mean, with respect to a natural person: provide the person's name, present or last known address, and home or office telephone numbers. The terms "Identify" or "State the Identity of" mean, with respect to an entity other than a natural person: provide the entity's name, place of formation or incorporation, principal place of business. The terms "Identify" or "Identification," when used with reference to a document, shall mean to state its date, author or signor, addressee(s), type of document and all other means of identifying it, and its present or last known location and/or custodian. The terms "Identify" or "Identification," when used with reference to a communication, shall mean to identify the person(s) who were/are parties to the communication and/or present at the communication, the date the communication occurred, the place the communication occurred, the context in which the communication occurred, and the entire substance and/or content of the communication. The terms "Identify" or "Identification," when used with reference to the date an event occurred, shall mean to state the month, day of month and year. The terms "Identify" or "Identification," when used with reference to a claim or item of litigation shall mean to state the court or courts or administrative agency or other body or bodies in which such claim or item of litigation was adjudicated and the case style of such matter. The terms "Identify" or "Identification," when used with reference to a location, means to state the

address of such property, or if the address is not known to you, any commonly used name for such location.

**<u>Interrogatories</u>**

1. Identify the Person who filed Complaint ID No. 117383 (the "Complaint") with the Georgia Environmental Protection Division, including (1) the identity of the Person referred to as the "complainant" who "used to work for Audia" as stated in the Complaint, and (2) the identity of the Person who works for Audia that the "complainant" has a relationship as stated in the Complaint.

2. Since January 1, 2026, identify all Persons who have performed soil sample testing at the Walker County Business Park in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including who requested the soil testing, when the soil testing was requested, the purpose of the soil testing, and the results of such testing.

3. Since January 1, 2026, identify all Persons who have investigated the alleged improper disposal of chemicals at the Walker County Business Park in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including who requested such investigations, when such investigations started and ended, and the results of such investigations.

4. Since 2000, identify all revenue bonds issued by Defendants, including the name of the project(s), the issuer(s), the registered owner(s) (*i.e.*, the

holder), maximum principal amount, date issued, maturity date, the agreements entered into Concerning the project(s), and the identity of the contracting parties.

5. Identify all option agreements that Defendants have entered into, including the subject matter and date of the option agreement, the parties to the option agreement, and whether the option agreement was exercised.

6. Identify the current owner of the Option Property that is the subject of the September 2014 Real Estate Option Agreement entered into by and between Plaintiff and Defendants ("Option Agreement"), and the date of acquisition.

7. Identify all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it), including date, type of conveyance, and the grantor and grantee of the property interest.

8. Identify all estimates, bids, quotes, and contracts Defendants received to make the Option Property "pad ready" as contemplated under the Option Agreement, including date, amount, and the identity of the Person who provided such estimate, quote, bid, or contract.

9. Identify each time Walker County Development Authority sold real property in accordance with O.C.G.A. § 36-9-3, including the date of such sale, the purchaser, the Tax Parcel Identification Number, and the amount of each sale.

10. Since 2000, identify each time Defendants claimed a written contract Defendants entered into was void ab initio, invalid, illegal, and/or unenforceable,

including the parties to the purported contract, the subject matter of the contract, and whether a lawsuit was filed relating to the enforceability of the contract.

11. Identify every factual basis for Defendants' contention that the Option Agreement impaired, restricted, or otherwise limited the authority, legislative discretion, budgeting discretion, appropriations authority, or policymaking authority of any future Walker County governing authority.

12. Identify every factual basis for Defendants' contention that Walker County Development Authority could not independently perform any obligation imposed upon it by the Option Agreement regardless of whether Walker County could perform such obligation.

13. Identify all Persons involved in negotiating, drafting, reviewing, approving, or authorizing the Option Agreement on behalf of Defendants.

* * * * *

Pursuant to Fed. R. Civ. P. 26, 34 and the below instructions and definitions, Plaintiff Audia Group, LLC requests that Defendants Walker County and Walker County Development Authority produce the below designated documents, electronically-stored information, and tangible things (the "Materials") at the offices of Miller & Martin PLLC, 1180 West Peachtree Street, N.W., Suite 2100, Atlanta, Georgia 30309, for copying and inspection within the time period provided by law.

**Instructions**

1. If You object to a request but then respond to the request (*e.g.,* "Subject to these objections and without waiving them, the response is as follows . . . ."), please indicate whether the response is complete, *i.e.*, whether additional responsive Materials would have been produced but for the objection(s).

2. If You do not produce the designated Materials as they are kept in the ordinary course of business, then please organize and label them to correspond with the specific request to which they are responsive.

3. If in responding to these requests You encounter any ambiguities construing a request, instruction, or definition, then explain the ambiguity and the construction You used in responding.

4. If information necessary to respond to a request is not available, state the efforts that were made to obtain the necessary information, and, if known, identify the source from which the information might be obtained.

5. Unless otherwise agreed to by the Parties, Materials that reside in the form of electronic files are to be produced as electronic files rather than on paper.

6. Materials that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise marked or annotated by hand, are to be produced electronically and, in addition, each separate paper copy that has been signed or otherwise marked or annotated after being printed

from its electronic version onto paper should also be produced.

7. Unless otherwise agreed to by the Parties, all electronic files are to be produced in native format. Reasonable care is to be exercised in collecting such data so as to prevent alteration or modification of the meta-data and other non-privileged data and information associated with such files. Notice is hereby given that any attempt to alter or modify such files in connection with Your production through the use of meta-data scrubber software or similar means will be considered an intentional spoliation of evidence.

8. Unless otherwise agreed to by the Parties, You may, at Your option and at Your sole expense, produce accompanying .TIF or .jpg images in addition to responsive native electronic files.

9. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number; and (2) with any confidentiality designation in accordance with a Protective Order or other discovery-related agreement entered by the Parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, provided, however, that reasonable

care is to be exercised so as not to alter or modify the meta-data that is associated with such files.

10. Please supplement or correct Your response to any request in a timely manner if You learn that in some material respect the response is incomplete or incorrect.

11. If any Materials are not produced because of a privilege, please produce a privilege log, identifying the Material, date, author, senders, recipients, and subject-matter.

**<u>Definitions</u>**

1. The terms “You”, “Your”, or “Defendants” mean Walker County and Walker County Development Authority and are intended to embrace and include each and every person, consultant, investigator, or other individual or entity who is or has been employed or retained by You or who otherwise represents You and who is or has been in a position to, or who may have, obtained information for or on behalf of You with regard to this case.

2. The terms “Plaintiff” and “Audia Group” mean Plaintiff Audia Group, LLC.

3. The term “Document” or “Documents” means any document or electronically-stored information—including contracts, agreements, memoranda, writings, communications, minutes, resolutions, emails, text messages, instant and

direct messages, facsimiles, reports, worksheets, notes, diaries, calendars, internet postings, blogs, drawings, graphs, charts, photographs, sound and video recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. Document also means any AI inquiry and result.

4. The terms "Communicate," "Communication," or "Communications" mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

5. The terms "Person," "Persons," "Individual," or "Individuals" include any natural person, firm, proprietorship, partnership, joint venture, corporation, association, or other business entity and all present and former officers, directors, agents, employees, and others acting or purporting to act on behalf of such natural person, firm, proprietorship, partnership, joint venture, corporation, association, or other business entity.

6. The terms "Relate," "Related To," or "Concerning" shall include and be interpreted as meaning pertaining to, recording, evidencing, refuting, constituting, containing, setting forth, reflecting, showing, disclosing, describing,

analyzing, explaining, summarizing, referring to, whether directly or indirectly, whether in whole or in part.

7. The words "And," "And/Or" and "Or" shall each be deemed to refer to both their conjunctive and disjunctive meanings, so as to include any information within the scope of any of the requests in which it is contained. The words "each" and "any" shall mean "each and every" as well as "any one."

**Materials to Produce**

1. All pictures and audio and video recordings that support or refute any of the claims, defenses, or allegations asserted in this case.

2. All Documents and Communications obtained from third-parties through subpoena or otherwise that support or refute the claims, defenses, or allegations asserted in this case.

3. All reports of any witness You may use at any hearing or trial of this case to present evidence under Fed. R. Evid. 701, 702, 703, or 705, including a complete statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness informing them, any exhibits that will be used to summarize or support them, the witness' qualifications, including a list of all publications authored in the previous 10 years, a list of all other cases in which, during the previous 4 years, the witness testified

as an expert at trial or by deposition, affidavit, or declaration, and a statement of compensation to be paid for the study and testimony in this case.

4. All Documents and Communications You relied upon to respond to Plaintiff's interrogatories.

5. All Documents and Communications Concerning the claims, defenses, and allegations asserted in this case.

6. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results.

7. Since January 1, 2026, all Communications and Documents Concerning the alleged improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division.

8. All Communications and Documents Concerning Complaint ID No. 117383 (the "Complaint") filed with the Georgia Environmental Protection Division, including the subject-matter of the Complaint.

9. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince

businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*).

10. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses as the result of the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride Corporation (or its related companies).

11. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride Corporation (or its related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia.

12. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group and Pilgrim's Pride Corporation (or its related companies).

13. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group to

do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia.

14. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement").

15. All Communications and Documents Concerning the enforceability of the Purchase Agreement.

16. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement.

17. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement").

18. All Communications and Documents Concerning the enforceability of the Option Agreement.

19. All Communications and Documents Concerning Defendants' authority to enter into the Option Agreement.

20. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC.

21. All Communications and Documents reflecting Defendants' understanding of the effect of the February 23, 2015 Assignment and Assumption Agreement on the Option Agreement, including whether Audia Group retained any rights under the Option Agreement after February 23, 2015.

22. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement, including efforts to sell, market, or convey the Option Property (in whole or in part).

23. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it) that is subject to the Option Agreement.

24. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, bids, and contracts to make the Option Property "pad ready."

25. All Communications and Documents that support or refute Defendants' contention that the Option Agreement created an unlawful, multi-year debt obligation.

26. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement.

27. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group (or any of its affiliated companies), including all drafts and versions of such agreements.

28. All option agreements entered into by Walker County and/or Walker County Development Authority.

29. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority.

30. All Communications and Documents Concerning Walker County Development Authority's sale of real property pursuant to O.C.G.A. § 36-9-3.

31. All Communications and Documents Concerning this civil action, including Communications with anyone served a subpoena in this action.

32. All written contracts that Defendants have been a party in which Defendants claimed were void ab initio, invalid, illegal, and/or unenforceable for any reason, including all Documents and Communications Concerning the enforceability of such alleged contracts.

33. All Documents and Communications reflecting any analysis, discussion, or determination that the Option Agreement was void, void ab initio, ultra vires, unconstitutional, illegal, or otherwise unenforceable.

This 25th day of August, 2026.

**MILLER & MARTIN, PLLC**

*/s/ Michael P. Kohler*
By: Michael P. Kohler
Georgia Bar No. 427727

1180 W. Peachtree St., Suite 2100
Atlanta, Georgia, 303039
Tel. No.: (404) 962-6403
Fax. No.: (404) 962-6303
Email: michael.kohler@millermartin.com

***Attorneys for Audia Group, LLC***

**Certificate of Service**. I hereby certify that on the below date this document was served upon the following by electronic mail:

Ken Jarrard
Email: kjarrard@jarrard-davis.com
*Attorneys for Defendants*

This 25th day of August, 2026.

**MILLER & MARTIN PLLC**

*/s/ Michael P. Kohler*
By: Michael P. Kohler
Georgia Bar No. 427727