**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| AUDIA GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY,<br><br>Defendants. | Civil Action File No.<br>4:26-cv-00072-WNR |

**<u>AUDIA GROUP, LLC'S NOTICE OF INTENT TO SERVE SUBPOENAS</u>**

Pursuant to Rule 45(a)(4), Plaintiff Audia Group, LLC hereby gives notices of its intent to serve the following subpoenas for the production of documents:

- Subpoena for production of documents, electronically stored information, or objects directed to Angie Teems, attached as Exhibit A.
- Subpoena for production of documents, electronically stored information, or objects directed to Robert Blakemore, attached as Exhibit B.
- Subpoena for production of documents, electronically stored information, or objects directed to Mark Askew, attached as Exhibit C.

EXHIBIT
B

- Subpoena for production of documents, electronically stored information, or objects directed to Brian Hart, attached as Exhibit D.
- Subpoena for production of documents, electronically stored information, or objects directed to Gene Wilson, attached as Exhibit E.
- Subpoena for production of documents, electronically stored information, or objects directed to Andy Arnold, attached as Exhibit F.
- Subpoena for production of documents, electronically stored information, or objects directed to Max Morrison, attached as Exhibit G.
- Subpoena for production of documents, electronically stored information, or objects directed to Mark Chandler, attached as Exhibit H.
- Subpoena for production of documents, electronically stored information, or objects directed to Scott McNabb, attached as Exhibit I.
- Subpoena for production of documents, electronically stored information, or objects directed to Evitte Parrish, attached as Exhibit J.
- Subpoena for production of documents, electronically stored information, or objects directed to Stephanie Watkins, attached as Exhibit K.
- Subpoena for production of documents, electronically stored information, or objects directed to Michael Haney, attached as Exhibit L.

- Subpoena for production of documents, electronically stored information, or objects directed to Scott Abston, attached as Exhibit M.
- Subpoena for production of documents, electronically stored information, or objects directed to Adam Chrnalogar, attached as Exhibit N.
- Subpoena for production of documents, electronically stored information, or objects directed to Courtney Johnson, attached as Exhibit O.
- Subpoena for production of documents, electronically stored information, or objects directed to Larry Brooks, attached as Exhibit P.
- Subpoena for production of documents, electronically stored information, or objects directed to Shannon Whitfield, attached as Exhibit Q.
- Subpoena for production of documents, electronically stored information, or objects directed to Alvin Hutchison, attached as Exhibit R.
- Subpoena for production of documents, electronically stored information, or objects directed to Marion Environmental, Inc., attached as Exhibit S.

This 25th day of August 2026.

**MILLER & MARTIN PLLC**

By: */s/ Michael P. Kohler*
Michael P. Kohler
Georgia Bar No. 427727

1180 W. Peachtree St., N.W., Suite 2100
Atlanta, Georgia 30309
404-962-6403 (Telephone)
404-962-6303 (Fax)
michael.kohler@millermartin.com

***Attorneys for Plaintiff Audia Group, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing upon opposing counsel via electronic mail at the following address:

Ken E. Jarrard
kjarrard@jarrard-davis.com
Jeffrey M. Strickland
jstrickland@jarrard-davis.com
Jarrard & Davis, LLP
222 Webb Street
Cumming, Georgia 30040

This 25th day of August 2026.

*/s/ Michael P. Kohler*
Michael P. Kohler

# EXHIBIT A

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Angie Teems
2147 Old Bethel Road
Chickamauga, Georgia 30707

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Ms. Teems:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) | Civil Action No. 4:16-cv-00072-WMR |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Angie Teems
2147 Old Bethel Road
Chickamauga, GA 30707

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

____________________________ OR /s/ Michael P. Kohler (GA Bar No. 427727)

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*
on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Angie Teems
2147 Old Bethel Road
Chickamauga, Georgia 30707

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**Instructions**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**<u>Materials to be Produced</u>**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT B

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Robert Blakemore
2380 Burnt Mill Road
Flintstone, Georgia 30725

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Blakemore:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 4:16-cv-00072-WMR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Robert Blakemore
2380 Burnt Mill Road
Flintstone, Georgia 30725

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: | Date and Time: |
|---|---|
| Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | September 11, 2026 at 10:00 AM |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

_________________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*
on *(date)* .

❐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

To: Robert Blakemore
2380 Burnt Mill Road
Flintstone, Georgia 30725

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

**Definitions**

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**Instructions**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT C

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Mark Askew
1432 Old Bethel Road
Chickamauga, Georgia 30707

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Askew:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 4:16-cv-00072-WMR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Mark Askew
1432 Old Bethel Road
Chickamauga, Georgia 30707

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Mark Askew
1432 Old Bethel Road
Chickamauga, Georgia 30707

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT D

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Brian Hart
101 South Duke Street
LaFayette, Georgia 30728

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Hart:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 4:16-cv-00072-WMR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Brian Hart
101 South Duke Street
LaFayette, Georgia 30728

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

To: Brian Hart
101 South Duke Street
LaFayette, Georgia 30728

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

**Definitions**

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**<u>Materials to be Produced</u>**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT E

Miller & Martin PLLC

**LAURA BURNETT**

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Gene Wilson
440 Williams Lane
Flintstone, Georgia 30725

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Wilson:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

AUDIA GROUP, LLC
*Plaintiff*
v.
WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY
*Defendant*

Civil Action No. 4:16-cv-00072-WMR

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Gene Wilson
440 Williams Lane
Flintstone, Georgia 30725

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

_________________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC , who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Gene Wilson
440 Williams Lane
Flintstone, Georgia 30725

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**Instructions**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT F

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Andy Arnold
33 Alpine Drive
LaFayetta, Georgia 30728

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Arnold:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 4:16-cv-00072-WMR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Andy Arnold
33 Alpine Drive
LaFayette, Georgia 30728

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Andy Arnold
33 Alpine Drive
LaFayette, Georgia 30728

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT G

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Max Morrison
902 Anthony Street
LaFayette, Georgia 30728

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Morrison:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:16-cv-00072-WMR |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Max Morrison
902 Anthony Street
LaFayette, Georgia 30728

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Max Morrison
902 Anthony Street
LaFayette, Georgia 30728

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**<u>Materials to be Produced</u>**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT H

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Mark Chandler
1303 Long Hollow Road
Rock Spring, Georgia 30739

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Chandler:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

AUDIA GROUP, LLC
*Plaintiff*
v.
WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY
*Defendant*

Civil Action No. 4:16-cv-00072-WMR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mark Chandler
1303 Long Hollow Road
Rock Spring, Georgia 30739

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________

______________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Mark Chandler
1303 Long Hollow Road
Rock Spring, Georgia 30739

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT I

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Scott McNabb
924 Chris Lane
Rossville, Georgia 30741

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. McNabb:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 4:16-cv-00072-WMR |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Scott McNabb
924 Chris Lane
Rossville, Georgia 30741

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

OR

_______________________________ /s/ Michael P. Kohler (GA Bar No. 427727)

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Scott McNabb
924 Chris Lane
Rossville, Georgia 30741

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**Instructions**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT J

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Evitte Parrish
10052 N. Hwy 27
Rock Spring, Georgia 30739

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Parrish:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) | Civil Action No. 4:16-cv-00072-WMR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Evitte Parrish
10052 N. Hwy 27
Rock Spring, Georgia 30739

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: | Date and Time: |
|---|---|
| Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | September 11, 2026 at 10:00 AM |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Evitte Parrish
10052 N. Hwy 27
Rock Spring, Georgia 30739

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**<u>Materials to be Produced</u>**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT K

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Stephanie Watkins
1252 Straight Gut Road
Rock Spring, Georgia 30739

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Ms. Watkins:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:16-cv-00072-WMR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Stephanie Watkins
1252 Straight Gut Road
Rock Spring, Georgia 30739

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*
on *(date)* .

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

☐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Stephanie Watkins
1252 Straight Gut Road
Rock Spring, Georgia 30739

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT L

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Michael Haney
4665 Happy Valley Road
Flintstone, Georgia 30725

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Haney:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 4:16-cv-00072-WMR |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Michael Haney
4665 Happy Valley Road
Flintstone, Georgia 30725

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Michael Haney
4665 Happy Valley Road
Flintstone, Georgia 30725

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**Instructions**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group.

# EXHIBIT M

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Scott Abston
4665 Happy Valley Road
Flintstone, Georgia 30725

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Abston:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

AUDIA GROUP, LLC
*Plaintiff*
v.
WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY
*Defendant*

Civil Action No. 4:16-cv-00072-WMR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Scott Abston
4665 Happy Valley Road
Flintstone, Georgia 30725
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

To: Scott Abston
4665 Happy Valley Road
Flintstone, Georgia 30725

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

**Definitions**

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group.

# EXHIBIT N

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Adam Chrnalogar
109 Red Bird Lane
Chickamauga, Georgia 30707

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Chrnalogar:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) | Civil Action No. 4:16-cv-00072-WMR |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Adam Chrnalogar
109 Red Bird Lane
Chickamauga, Georgia 30707

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: | Date and Time: |
|---|---|
| Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | September 11, 2026 at 10:00 AM |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*
on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

To: Adam Chrnalogar
109 Red Bird Lane
Chickamauga, Georgia 30707

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

**Definitions**

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**Instructions**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group.

# EXHIBIT O

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Courtney Johnson
259 Bandy Estates Road
LaFayette, Georgia 30728

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Johnson:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

AUDIA GROUP, LLC
*Plaintiff*
v.
WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY
*Defendant*

Civil Action No. 4:16-cv-00072-WMR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Courtney Johnson
259 Bandy Estates Road
LaFayette, Georgia 30728

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*
on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

To: Courtney Johnson
259 Bandy Estates Road
LaFayette, Georgia 30728

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

**Definitions**

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group.

# EXHIBIT P

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Larry Brooks
11316 Hwy 151
Trion, Georgia 30753

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Brooks:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

AUDIA GROUP, LLC
*Plaintiff*
v.
WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY
*Defendant*

Civil Action No. 4:16-cv-00072-WMR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Larry Brooks
11316 Hwy 151
Trion, Georgia 30753

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

_________________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*
on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Larry Brooks
11316 Hwy 151
Trion, Georgia 30753

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**<u>Materials to be Produced</u>**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT Q

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Shannon Whitfield
121 Dana Lane
Chickamauga, Georgia 30707

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Whitfield:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) | Civil Action No. 4:16-cv-00072-WMR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Shannon Whitfield
121 Dana Lane
Chickamauga, Georgia 30707

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

Signature of Clerk or Deputy Clerk

OR

/s/ Michael P. Kohler (GA Bar No. 427727)

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Shannon Whitfield
121 Dana Lane
Chickamauga, Georgia 30707

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**Instructions**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT R

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Alvin Hutchison
5121 Vernon Ridge Drive
Dunwoody, Georgia 30338

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Hutchison:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

AUDIA GROUP, LLC
*Plaintiff*
v.
WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY
*Defendant*

Civil Action No. 4:16-cv-00072-WMR

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Alvin Hutchison
5121 Vernon Ridge Drive
Dunwoody, Georgia 30338

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Miller & Martin PLLC<br>1180 W. Peachtree Street, Suite 2100<br>Atlanta, Georgia 30309 | Date and Time:<br>September 11, 2026 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Alvin Hutchison
5121 Vernon Ridge Drive
Dunwoody, Georgia 30338

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 1180 W. Peachtree Street NW, Suite 2100, Atlanta, Georgia 30309, on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct

messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**<u>Instructions</u>**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. Since January 1, 2026, all Communications and Documents Concerning Audia Group;

4. Since 2010, all Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince businesses to locate or expand their business in Walker County, Georgia, through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*);

5. Since 2010, all agreements Walker County and/or Walker County Development Authority has entered into with one or more businesses through the issuance of revenue bonds under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including all agreements entered into with Pilgrim's Pride (or its related companies);

6. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Pilgrim's Pride (or its

related companies) to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

7. Since 2010, all Communications and Documents Concerning all votes and referendums, including minutes, consents, resolutions, authorizations, and validations, Concerning the issuance of all revenue bonds by Walker County and/or Walker County Development Authority under Georgia's Revenue Bond Law (*i.e.*, O.C.G.A. § 36-82-60, *et seq.*), including such bonds Concerning Audia Group, LLC and Pilgrim's Pride (or its related companies);

8. All Communications and Documents Concerning Walker County's and Walker County Development Authority's efforts to convince Audia Group, LLC to do business in Walker County, Georgia, and/or expand its operations in Walker County, Georgia;

9. All Communications and Documents Concerning the negotiation and execution of the September 2014 Agreement for Purchase and Sale of Property entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Purchase Agreement");

10. All Communications and Documents that support or refute that Walker County and/or Walker County Development Authority had "obtained all requisite authorizations and consents to enter into this [Purchase] Agreement . . . and to consummate the transactions completed hereby;" that doing so would not violate any law, and that those executing on behalf of Walker County and Walker County Development Authority had the "legal power, right and authority" to do so as stated in the Purchase Agreement;

11. All Communications and Documents Concerning the negotiation and execution of the September 2014 Real Estate Option Agreement entered into by and between Audia Group, LLC, on the one hand, and Walker County and Walker County Development Authority, on the other hand (the "Option Agreement");

12. All Communications and Documents Concerning the assignment (or potential assignment) of the Purchase Agreement and Option Agreement, including to G3 Holdings, LLC;

13. Since 2014, all Communications and Documents Concerning the Option Property that is subject to the Option Agreement;

14. Since 2014, all leases, licenses, and conveyances, including deeds and easements, Concerning the Option Property (or any part of it);

15. All Communications and Documents Concerning making the Option Property "pad ready" as contemplated under the Option Agreement, including all quotes, estimates, and contracts to do so;

16. All Communications and Documents Concerning Walker County's and/or Walker County Development Authority's decision not to convey to Audia Group (or its related companies) the Option Property or make the Option Property "pad ready" as contemplated under the Option Agreement;

17. All agreements Walker County and/or Walker County Development Authority entered into with Audia Group, LLC (or any of its affiliated companies);

18. All option agreements entered into by Walker County and/or Walker County Development Authority;

19. All Communications and Documents Concerning any option agreement entered into by Walker County and/or Walker County Development Authority;

20. All Communications and Documents Concerning the Litigation; and

21. All Communications and Documents Concerning the allegations, claims, or defenses raised in the Litigation.

# EXHIBIT S

MILLER & MARTIN PLLC

LAURA BURNETT

Direct Dial 404-962-6431
Direct Fax 404-962-6311
laura.burnett@millermartin.com

August 25, 2026

**Via FedEx – Overnight Delivery**
**Signature Required**

Marion Environmental, Inc.
c/o Thomas G. Gallant
115 Parmenas Lane
Chattanooga, Tennessee 37405

Re: Audia Group, LLC v. Walker County and Walker County Development Authority
United States District Court for the Northern District of Georgia
Case No. 4:26-cv-00072-WMR

Mr. Gallant:

Our firm represents Audia Group, LLC ("Audia") in this case.

We understand that you may have information relevant to the claims or defenses asserted in this case. Accordingly, enclosed is a Subpoena requiring you to produce all documents designated in Exhibit A attached hereto **on or before September 11, 2026**.

The requested documents can be emailed to me at laura.burnett@millermartin.com on or before the deadline.

Please contact me if you have any questions. Thank you in advance for your anticipated cooperation.

Sincerely,

Laura Burnett

Enclosure
cc: Parties of Record

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AUDIA GROUP, LLC<br>*Plaintiff*<br>v.<br>WALKER COUNTY and WALKER COUNTY DEVELOPMENT AUTHORITY<br>*Defendant* | ) | Civil Action No. 4:16-cv-00072-WMR |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Marion Environmental, Inc. c/o Thomas G. Gallant
115 Parmenas Lane
Chattanooga, Tennessee 37405

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: | Date and Time: |
|---|---|
| Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402 | September 11, 2026 at 10:00 AM |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/25/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael P. Kohler (GA Bar No. 427727)
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Audia Group, LLC, who issues or requests this subpoena, are:

Michael P. Kohler, Miller & Martin PLLC, 1180 W. Peachtree Street, Suite 2100, Atlanta, GA 30309; michael.kohler@millermartin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

To: Marion Environmental, Inc.
c/o Thomas G. Gallant
115 Parmenas Lane
Chattanooga, TN 37405

In accordance with Fed. R. Civ. P. 45 and as otherwise provided by law, You are commanded to produce the following designated documents, electronically-stored information, or tangible things that are in Your possession, custody or control at the offices of Miller & Martin PLLC, 832 Georgia Avenue, Suite 1200, Chattanooga, Tennessee 37402 on **Friday, September 11, 2026,** at **10:00 a.m.** for copying and inspection.

## Definitions

As used in this Subpoena, the words and phrases listed below shall have the following meanings:

1. **Communications** means any correspondence, contact, discussion, email, instant or direct message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings, or conversations, internal or external discussions, or exchanges of one or more Documents.

2. **Concerning** means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

3. **Documents** shall include, but is not limited to, any written, printed, or typed matter, including, but not limited to, all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voicemails, calendars, journals, diaries, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, AI search inquiries, and any other organizational indicia, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically-stored information ("ESI"), including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated. **Documents includes ESI.**

4. **ESI** means electronically-stored information of any kind, including, but not limited to, matter, of any kind, type, form, nature, description, in your possession, custody or control, but not limited to metadata, compound documents, word processing files, including drafts and

revisions; spreadsheet drafts and revisions; digital communications (*e.g.*, email, instant and direct messaging, text messages, voicemail); databases; including, but not limited to, schemas, data dictionaries, reports; documents created, modified, stored, or maintained by drawing, computer aided design software, document management software, project management software, including, but not limited to, drawings, graphs, charts; accounting application documents; presentation software documents, including, but not limited to, slide shows, audio, video; documents created, modified, stored, or maintained by calendaring, task management, collaboration, group management, and personal information software (*e.g.*, Microsoft Outlook, Lotus Notes, Novell GroupWise); image, sound recordings (*e.g.*, .wav, avi, mp3), video, animation, audiovisual recordings, facsimile files; ESI created or modified, including, but not limited to, ***handheld devices, such as iPhone, Blackberry, Palm Pilot, cellular telephones, tablets, etc.***; ESI created, modified, stored, or maintained with the use of archival software (*e.g.*, .gho, .zip); Network and server activity ESI, including, but not limited to, logging files, electronic mail logging, routing software logs, access logs, etc.; ESI created, modified, stored, or maintained, including, but not limited to, development, rapid development, and prototyping software. ESI also includes AI search inquiries and results.

5. **Person** means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

6. **Litigation** means the lawsuit Audia Group, LLC filed against Walker County and Walker County Development Authority in the U.S. District Court for the Northern District of Georgia, Rome Division, Case No. 4:26-cv-00072-WMR.

**Instructions**

1. Unless otherwise specified, this Subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this Subpoena may be in electronic or paper form.

2. In accordance with Fed. R. Civ. P. 45(a)(1)(C), ESI should be produced as follows:

a. All ESI is to be produced in native format. Reasonable care is to be exercised in collecting ESI so as to prevent alteration or modification of the metadata and other non-privileged data and information associated with such files. Any alteration or modification of such files in connection with production thereof through the use of metadata scrubber software or similar means will be considered as intentional spoliation of evidence.

b. You may, at your option and at your sole expense, produce accompanying .pdf or .jpg images in addition to responsive native electronic files.

c. Documents that reside both in electronic form and on paper (in identical form), but where a paper version has been signed or otherwise annotated by hand, should be produced both in the native electronic format and in paper format, with production of each

separate paper copy that has been signed or otherwise annotated after being printed from its electronic version.

d. In producing electronic files, it is acceptable that: (i) the electronic data, before production, be reviewed and designated for responsiveness using commercially available litigation support software that is capable of augmenting the electronic data of such file(s) with: (1) an identifier such as a bates number or equivalent, and (2) with any confidentiality designation associated with a protective order, if any exists, or other discovery-related agreement entered by the parties; and (ii) that the electronic files be produced in a manner whereby the electronic files are associated with such identifiers and confidentiality designations, as long as reasonable care is exercised so as not to alter or modify the metadata that is associated with such files.

3. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the original. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, if copies of a Document differ in any way, they are considered separate Documents and you must produce each one. For example, if you have two copies of the same letter, but only one of them has· handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this Subpoena. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paperclips to identify the Documents boundaries.

6. Documents should be labeled with sequential numbering (bates stamped).

7. This request covers all Documents in or subject to your possession, custody or control, including Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests below. If, for any reason-including a claim of attorney-client privilege or other privilege-you do not produce something called for by the request, you should submit a list of what you are not producing. This list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the Person who has the item now, or the last Person known to have it; (e) the names of everyone who ever had the item or copy of it, the names of everyone who was told the item's contents; (f) the basis upon which you are not producing the responsive Document; and (g) the specific request to which the Document relates.

8. If Documents responsive to this Subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Document(s) and give the date on which they were lost, discarded or destroyed.

9. To the extent necessary to bring within the scope of this Subpoena any things or Documents that might otherwise be construed to be outside its scope:

a. the word "or" means "and/or";

b. the word "and" means "and/or";

c. the functional words "each," "every," "any," and "all shall each be deemed to include each of the other functional words;

d. the masculine gender includes the female gender and the female gender include the masculine gender; and

e. the singular includes the plural and the plural include the singular.

**Materials to be Produced**

This Subpoena commands that You produce the following:

1. Since January 1, 2026, all Communications and Documents Concerning soil sample testing performed at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including the soil samples and testing results;

2. Since January 1, 2026, all Communications and Documents Concerning the improper disposal of chemicals at the Walker County Business Park located in LaFayette, Georgia (where Audia Group operates its manufacturing facility), including complaints filed with any government authority or regulator, including the Georgia Environmental Protection Division; and

3. All Documents and Communications Concerning Audia Group.